Weight, J.,
delivered the opinion of the Court.
There can he no question that the judgment of the Circuit Court upon the agreed case was correct.
The defendants, and those under whom they claimed, had been in continued adverse possession of the land in dispute, claiming the same under deeds in fee simple, ever since August, 1845. If Thomas Harmon, the ancestor of the plaintiffs, ever had any valid title to this land, the cause of action, as to him, accrued when the adverse possession commenced — namely, in August, 1845 — and he and his heirs were barred by force of the statute of limitations, in seven years from that time.
It can make no difference that he died before the bar had formed, leaving heirs who were under disability. The statute would continue to run against them, and they would be barred in the same time as Thomas Harmon, had he lived. This is well settled. The present action, brought by them on the 1st of September, 1857, was, therefore, too late.
The pendency of the action of forcible entry and detainer, brought by Thomas Harmon in his lifetime, and which abated .upon his death, can be no answer to the statute of limitations an this case; because, by the express language of the statute, :the suit, to have that effect, must be one effectually prosecuted against the person or persons in possession of the land. Norment v. Smith, 1 Hum., 46-48; Norvell v. Gray’s Lessee, 1 Swan, 96-106.
Nor can it make any difference that the action of forcible •entry and detainer was incapable of being revived, (Tucker et al. v. Burns, 2 Swan, 35) and that the heirs of Thomas .Harmon, in order to test their title, were compelled to institute .a new action. The, statute makes no exception of such a ■case, and the Courts can make none.
It is unnecessary to consider what effect the third section •of the act of 1819, ch. 28, would have had upon the case, if the present action, by the heirs of Thomas Harmon, had been instituted within one year after the abatement of the action *163 of forcible entry and detainer by his death; and whether, on that state of facts, they could have claimed the benefit of the exceptions contained in that section; because the agreed case fails to show that this suit was commenced within one year after the death of Thomas ITarmon ; and if we are permitted to look into the facts of the case of forcible entry and detainer, as found reported in Tucker et al. v. Burns, 2 Swan, 35, as the agreed case seems to contemplate, it will appear that the present suit by the heirs of Thomas Harmon, was not brought until the expiration of nearly seven years after his death, and the abatement of the action of forcible entry and detainer. Norment v. Smith, 1 Hum., 46.
The judgment of the Circuit Court will be affirmed.